# W. W. COOK, use, etc.
## v.
## JOHN HARRISON ET AL.

1. PAROL AUTHORITY TO EXECUTE CHATTEL MORTGAGE. — Parol authority to execute a chattel mortgage is sufficient. Where one who has parol authority to execute a chattel mortgage, executes it under seal, the seal is surplusage.

2. AGENCY—REFERRING ACT TO POWER.—In order to uphold the instrument courts will refer the act to the power that the agent had.

APPEAL from the Circuit Court of McHenry county; the Hon. CHARLES KELLUM, Judge, presiding. Opinion filed April 5, 1886.

This was a suit commenced by the appellee against the appellant on a replevin bond dated June 6, 1884, in a suit wherein the appellant Harrison was plaintiff and the usee, and Asad Udel was defendant, and who was the sheriff holding the property hereafter named on an execution in favor of Elizabeth Coggin v. Frank F. Coggin, and appellee was the coroner to whom the writ was directed and the payee of the replevin bond. The appellant Limley was the security of Harrison on the replevin bond. The court at the January term, 1885, adjudged that the said property be returned, the appellant Harrison failing in his said suit; and the property not being returned to the sheriff, this suit was brought on the replevin bond to recover the damages, and appellee recovered of appellants the sum of $1,300 debt, the amount of the bond, and $322.16 the amount of the damages, debt to be satisfied in payment of damages and costs of suit, from which judgment this appeal is taken. The appellants pleaded that the merits of the replevin suit had not been tried, and that the property in question, being sixteen head of cows, belonged to the appellant Harrison. The question of Harrison's right to the property was the main issue tried. A jury was waived, and trial by the court and the finding of the court under the evidence is assigned for error.

Mr. B. N. Smith and Mr. C. P. Barnes, for appellants ; as to authority to execute chattel mortgages, cited Jones on Chattel Mortgages, 2 Ed. § 52 ; Dispatch Line v. Bellamy Mfg. Co., 12 N. H. 205 ; 1 Parsons on Contracts, 6 Ed. 569 ; Sherman v. Fitch, 98 Mass. 59 ; Topley v. Butterfield, 1 Met. 515.

If an agent, constituted such by parol, executes an instrument for his principal which the law does not require to be under seal, his use of a seal will be treated as surplusage : 2 Parsons on Contracts, 6 Ed. 721 ; Beidler v. Fish, 14 Bradwell, 29 ; Truett v. Wainwright, 4 Gilm. 411 ; Story on Agency, Note 1, § 49.

Messrs. Sherwood & Jones, for appellees.

Lacey, P. J. The appellant Harrison claims the property, by virtue of a chattel mortgage executed by Frank F. Coggin, the defendant in the execution, by his agent M. M. Clothier, it being executed and acknowledged by Clothier, claiming to be the agent or attorney in fact of said Coggin, in Coggin's behalf. The debt which the mortgage was made to secure being due from Coggin to appellant Harrison, was $275. It seems that appellant Harrison held an old note and chattel mortgage on the cows from Coggin, and that the note and mortgage in question was executed by Clothier as the agent or attorney of his principal, and by the advice and consent of the mother of said Coggin, who is the same person who afterward obtained a judgment against her son and ordered out an execution and had the cows levied on to pay it. On account of this levy and seizure the replevin suit originated in which the bond in question was given. The mother's name was Elizabeth Coggin. The mortgage in question was executed in October, 1883. Before the mortgaged indebtedness had matured or the time for which the mortgage was made to run had expired, the mother, about March, 1884, obtained a judgment against her son by confession on a judgment note. There appears to be but one question in this case for our solution, the determination of which settles the rights of the parties herein, and that is, was the mortgage so executed by Clothier valid and

binding on Coggin. If it was, then the appellee should have recovered no more than nominal damages; if it was invalid, then the judgment of the court below should stand. The mortgage was duly recorded, and no other question arises than the one stated.

The appellant Harrison showed that Clothier had full and complete parol authority from Coggin, the owner of the cows, which had never been revoked, to execute the mortgage in question; and this fact is not denied by appellee's attorneys in their brief, nor is it seriously controverted that parol authority to execute a chattel mortgage is sufficient. Upon this point we think there can not be much doubt. It is laid down in Jones on Chattel Mortgages that "an agent, constituted such by parol, may execute a valid mortgage of his principal's personal property, it not being necessary that such mortgage should be executed under seal." Jones on Chattel Mortgages (2 Ed. Sec. 52, 102) and authorities cited in note. The mortgage in question, it appears, was executed under seal by Clothier, but this would not vitiate it.

The exercise of an excess of authority would not vitiate and render nugatory the act for that reason, if he had authority to, and did perform the act which, without the excess, would have been sufficient. The chattel mortgage did not become a specialty on account of the seal. Clothier had no right to attach the seal, it being beyond his authority. The mortgage should be treated as having been executed without a seal, and in this form it was valid. Beidler v. Fish, 14 Bradwell 29; Truett v. Wainwright, 4 Gil. 411. Other authorities might be cited but we think it is unnecessary. In executing the mortgage Clothier signed as "attorney in fact" for Coggin instead of signing it as agent.

The evidence shows that at the time he executed the mortgage he had a power of attorney concerning some real estate only. This fact is relied on almost wholly by counsel for appellee as being fatal to the validity of the mortgage.

We do not think that the point is well taken.

From the evidence it does not appear very clear whether Clothier thought the parol authority was a power of attorney

or whether he thought he had power by virtue of his real estate power, nor do we think it makes any material difference. He did execute the mortgage, and he did have the power by parol, and did not have it by virtue of any power of attorney. In order to uphold the instrument, courts will refer the act to the power that the agent had. The execution of the instrument was done under claim by Clothier of a power of attorney —a more comprehensive agency than the parol authority ; yet he had an agency, and one that was ample authority for what he did. Coggin had told appellant Harrison that he had given such agency to Clothier, and he in fact had done so, and a mistake as to the nature of it should not vitiate the act. The agent intended to execute a valid mortgage, and it was accepted as such by Harrison, and we think the mortgage was valid. For the reason that the finding of the court on the question of the rights of appellant Harrison under the chattel mortgage is manifestly against the weight of the evidence, probably arising from a mistaken notion of the law as to the validity of the mortgage, we reverse the judgment of the court below and remand the cause for a new trial.

Reversed and remanded.